[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14343
Non-Argument Calendar
_____

Agency No. A201-090-734

ANASTASIYA VLADIMIROVNA KAMINSKAYA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 7, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anastasiya Kaminskaya, a native and citizen of Belarus, seeks review of the Board of Immigration Appeals' final order affirming the Immigration Judge's denial of her application for asylum, withholding of removal, and CAT relief. Kaminskaya contends that the BIA and IJ erred by denying her asylum application based on an adverse credibility finding and a finding that she failed to sufficiently corroborate her testimony.[1]

We review factual determinations, including credibility determinations, under the substantial evidence test. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254–55 (11th Cir. 2006). We must affirm if an agency's decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted). "[A] finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. at 1255 (quotation marks omitted).

In the present case substantial evidence supports the IJ's and BIA's adverse credibility finding.[2] The IJ and BIA articulated specific, cogent reasons to support

---

[1] Kaminskaya also contends that she is entitled to withholding of removal and CAT relief. In her appeal to the BIA, however, she failed to raise those claims. Because Kaminskaya did not exhaust her administrative remedies on those claims, we lack jurisdiction review the denial of withholding of removal and CAT relief, and that part of her petition for review is due to be dismissed. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

[2] The BIA agreed with the IJ's reasoning, and as a result we review both the BIA's and the IJ's decisions. See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006).

2

that finding, citing a number of inconsistencies between Kaminskaya's asylum application, her interview, and her hearing testimony. They also rejected as unconvincing Kamiskaya's testimony explaining the inconsistencies. For example, during her asylum interview Kaminskaya stated that she did not have a membership card for the Belarus People's Front (BPF)[3] because the party was top secret and did not issue such cards. At the asylum hearing, however, she submitted a membership card. She testified that she had told the asylum officer that she did not have a card and that the BFP did not issue them because she could not produce a card at that time. She asserted that because she had grown up in a country where she distrusted an oppressive government, she distrusted the asylum officer and did not tell the truth. The IJ rejected that explanation, finding that it did not justify lying to an asylum officer while under oath. The BIA agreed.

There is more. The IJ and BIA also focused on these inconsistencies and the lack of an adequate explanation for them: (1) Kaminskaya told the asylum officer that her politically active brother was living at home with her parents but later testified at the hearing that he had been living in St. Petersburg at that time; (2) she submitted a letter from her brother that made no reference to her visiting him in the hospital but testified that she had visited him; (3) she stated in her asylum application that her brother had been arrested and held by the police for four days,

---

[3] In the record this political group is also referred to as the Belarus Popular Front.

3

but when questioned by the asylum officer, she stated that he had not been kept by the police; and (4) her brother's letter mentioned that he had gone to a demonstration with Kaminskaya, but her application and testimony made no mention of it.  In light of those inconsistencies and discrepancies and the record as a whole, Kaminskaya has failed to show that the record compels a finding that she was credible.

Substantial evidence also supports the finding that Kaminskaya did not adequately corroborate her testimony.  Because her testimony lacked credibility, there was a greater need for corroborating evidence.  See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).   The BIA and IJ considered the corroborating evidence she provided but determined that the largely unauthenticated documents were unreliable and gave them little weight.  It was within their discretion to afford little or no weight to an unauthenticated medical record, subpoenas, and a letter from the ministry of education. See Mu Ying Wu v. U.S. Att'y Gen., 745 F.3d 1140, 1153–54 (11th Cir. 2014).  Kaminskaya argues that letters from her family and friends corroborated her claims, but the record supports the BIA's and IJ's finding that they were entitled to little weight because their reliability was questionable.  The letters were not authenticated, not notarized, and not sworn to.  Finally, while the country report corroborated the general conditions regarding oppression of political opposition in Belarus, this country

4

condition evidence did not corroborate her individual claim of past persecution or a well-founded fear of future persecution.

**PETITION DISMISSED IN PART AND DENIED IN PART.**